**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL SHERMAN ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-cv-01258-RJC |
| | ) | |
| vs. | ) | |
| | ) | Judge Robert J. Colville |
| CO ROBERT HOLLOWOOD; SGT. | ) | |
| CHRISTOPHER SHELDON; and CO JUAN | ) | |
| MACIAS, | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL JURY INSTRUCTIONS**

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty, as judge, to give you the instructions of the court concerning the law applicable to this case.  I will read these instructions to you in open court, and you will have a copy with you in the jury room during your deliberations.  So, to the extent that you take notes, know that you'll have these instructions, so you don't have to note these remarks.

It is your duty, as jurors, to follow the law as stated in these instructions, and to apply the law to the facts as you find them to be from the evidence in this case. You are not to single out any one of these instructions alone as stating the law, but rather you must consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

**Evidence**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated--that is, formally agreed to by the parties; and

[4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers.

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever

weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded.   Do not speculate about what a witness might have said or what an exhibit might have shown.

**Direct and Circumstantial Evidence**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence."  An example of "direct evidence" is when a witness testifies about something that the witness knows through  his own senses — something the witness  has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The  other  type  of  evidence  is  circumstantial  evidence.   "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes  no  distinction  in   the  weight  to  be  given  to  either  direct  or  circumstantial evidence. You are to decide how much weight to give any evidence.

**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Credibility of Witnesses - Law Enforcement Officer**

You have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.  You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

### Note-Taking By Jurors

Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors.  In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes.  As I mentioned earlier, your notes are not official transcripts.  They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial.  They are valuable, if at all, only as a way to refresh your memory.  Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.  You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

**Preponderance of the Evidence**

This is a civil case. Michael Allen is the party who brought this lawsuit. The Defendants are the parties against whom the lawsuit was filed. Michael Allen has the burden of proving his case by what is called the preponderance of the evidence. That means Michael Allen has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Michael Allen and the evidence favorable to the Defendants on opposite sides of the scales, Michael Allen would have to make the scales tip just a bit on his side. Notice that it doesn't have to be an overwhelming drop of the scales to the plaintiff's side; it just needs to be a tipping of that scale on his behalf. If Michael Allen fails to meet this burden, the verdict must be for the Defendants. If you find, after considering all the evidence, that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence and Michael Allen has met his burden and you must award him damages, which means financial compensation.

In determining whether any fact has been proved by a preponderance of evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, the defendants, individually have the burden of proving the elements of the defense by a preponderance of the evidence. If only one of the three defendants meets his burden, but the other two do not, then you must only apply the affirmative defense to the single defendant who successfully demonstrated it.  I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that the defendants  have succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind. The Plaintiff is not required to prove his case beyond a reasonable doubt; he is just required to prove it by a preponderance of the evidence, which simply means: It more than likely happened, than it being more likely that it did not happen.

## <u>INTRODUCTION TO SUBSTANTIVE INSTRUCTIONS</u>

At this point, I want to instruct you on the claims that Plaintiff has filed against the Defendants.

### Section 1983 Introductory Instruction

Michael Allen is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

### Section 1983 – Elements of Claim

To succeed on a Section 1983 claim, a Plaintiff must prove both of the following elements by a preponderance of the evidence:

- First: The Defendants acted under color of state law.

- Second: While acting under color of state law, the Defendants deprived Michael Allen of a federal constitutional right.

I will now give you more details on action under color of state law, after which I will tell you the elements Michael Allen must prove to establish the violation of his federal constitutional right.

**Section 1983 – Action under Color of State Law (Not in Dispute)**

The first element of Michael Allen's claim is that the Defendants acted under color of state law.  The parties stipulate and admit that the Defendant Correctional Officers were acting under color of state law. So, this is not a fact you will need to decide, since this fact is already agreed to.

A person can act under color of state law even if the act violates state law. The question is whether the person was clothed with the authority of the state, which is already determined.

Here, the Parties do not dispute that the Defendants here were all acting under color of state law.  Hence, you must find that the Plaintiff has satisfied his burden in this regard, and that the first element of the 1983 claim has been established.

**Section 1983 – Deprivation of a Federal Right**

I have already instructed you on the first element of Michael Allen's claim, which requires Michael Allen to prove that the Defendants acted under color of state law.

The second element of Michael Allen's claims under Section 1983 is that the Defendants deprived him of a federal constitutional right.

Here, the Plaintiff alleges two separate Constitutional violations; specifically, (1) that the Defendant Correctional Officers deprived him of the right to be free from unreasonable and excessive force under the Eighth Amendment; and (2) that the Defendant Correctional Officers violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and deprived him of his Eighth Amendment rights solely because of his race.

**Excessive Force – Convicted Prisoner**

The Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment, protects convicted prisoners from malicious and sadistic uses of physical force by prison officials.

In this case, Michael Allen claims that Defendants used excessive force during a cell search.

In order to establish his claim for violation of the Eighth Amendment, Michael Allen must prove that Defendants used force against him maliciously, for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline. It is not enough to show that, in hindsight, the amount of force seems unreasonable; the plaintiff must show that the defendant used force maliciously, for the purpose of causing harm. When I use the word "maliciously," I mean intentionally injuring another, without just cause or reason, and doing so with excessive cruelty or a delight in cruelty. Michael Allen must also prove that Defendants' use of force caused some physical injury to him. Even an injury that has healed suffices.

In deciding whether Michael Allen has proven this claim, you should consider whether the Defendants used force against Michael Allen, whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied. In considering whether there was a need for force,

you should consider all the relevant facts and circumstances that Defendants reasonably believed to be true at the time of the encounter. And you must weigh that fact as well, as to whether or not their offer of knowledge is even credible. Such circumstances can include whether Defendants reasonably perceived a threat to the safety of staff or inmates, and if so, the extent of that threat. In addition, you should consider whether Defendants made any efforts to temper the severity of the force he used.

You should also consider whether Michael Allen was physically injured and the extent of such injury. But a use of force can violate the Eighth Amendment even if it does not cause significant injury. Although the extent of any injuries to Michael Allen may help you assess whether a use of force was legitimate, a malicious and sadistic use of force violates the Eighth Amendment even if it produces no significant physical injury.

**EQUAL PROTECTION**

Mr. Allen also brings an equal protection claim under the Fourteenth Amendment against Defendants. Prisoners are protected from racial discrimination by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." Importantly, this is not a command that all persons be treated alike, but, rather, a direction that all persons similarly situated be treated alike.

In this case, Mr. Allen claims that Defendants discriminated against him based on race in violation of the Equal Protection Clause when they allegedly used excessive force against Mr. Allen, who is black. In order to establish this claim against Defendants, Mr. Allen must prove by a preponderance of the evidence that Defendants acted with an intent or purpose to discriminate against Mr. Allen based on his race. Specifically, Mr. Allen must show each of the following elements by a preponderance of the evidence:

1) Defendants treated him differently than similarly situated inmates;

2) That the differential treatment was motivated by an intention to discriminate on the basis of impermissible considerations such as membership in a protected class, in this case, race; and

3) That Mr. Allen's membership in the protected class was a substantial factor in the differential treatment.

Persons are similarly situated under the Equal Protection Clause when they are "alike in all relevant aspects." In this context, a discriminatory intent is the intention to treat one race of persons worse or differently than another because of their race. And here, a substantial factor means that Defendants' alleged discriminatory conduct must at least have been partially motivated by Mr. Allen's race.

**Scope of Employment**

Mr. Allen has also brought claims for Battery and the Intentional Infliction of Emotional Distress.  In order to be found liable for these torts, a Defendant or Defendants must be acting outside the scope of their employment.

Under Pennsylvania law, a Commonwealth employee is acting within the scope of his employment where the conduct (1) is of the kind that the employee-defendant is employed to perform; (2) occurs substantially within the job's authorized time and space limits; and (3) is motivated at least in part by a desire to serve the employer.

A Commonwealth employee is acting within the scope of his employment even if he or she undertakes debatable acts or acts contrary to policy, or acts that are forbidden or done in a forbidden manner, or acts done with personal animosity, provided that the act is motived at least in part by a desire to serve the employer's interests.

**Tort of Battery**

Michael Allen alleges a claim against the Defendants for battery. "Battery" is an act done with the intent to cause a harmful or offensive contact with the body of another or an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with his body and that directly or indirectly results in the harmful or offensive contact with the body of another.

In order for the Defendants to be held responsible for committing a battery against Michael Allen, you must find:

First, that Defendants intended to cause a harmful or offensive contact with the body of Michael Allen or that they intended to put Michael Allen in reasonable and immediate fear of a harmful or offensive contact with his body; and

Second, that Defendants' act directly or indirectly resulted in a harmful or offensive contact with the Michael Allen's body.

A body contact is offensive if it would offend a reasonable person's personal sense of dignity.

**Tort of Intentional Infliction of Emotional Distress**

Michael Allen also alleges a claim against the Defendants for intentional infliction of emotional distress. A person who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for any bodily harm to the other that results from the emotional distress.

"Extreme and outrageous conduct" is that which goes beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.

"Emotional distress" includes all highly unpleasant mental reactions such as: fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, and worry. "Severe" means that it is such that no reasonable person could be expected to endure it. In determining whether the emotional distress suffered by the plaintiff was severe, you may consider both the intensity of the distress and its duration.

If you find that a Defendant or Defendants conducted himself or themselves in an extreme and outrageous manner and that conduct intentionally or recklessly caused severe emotional distress to Michael Allen, you must compensate Michael Allen for this injury.

## **DAMAGES**

### **Compensatory Damages**

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Defendants should be held liable.

If you find a Defendant or Defendants liable, then you must consider the issue of compensatory damages.  You must award Michael Allen an amount that will fairly compensate him for any injury he actually sustained as a result of the Defendant's or Defendants' conduct.

Michael Allen must show that the injury would not have occurred without the Defendant' or Defendants' act. Michael Allen must also show that the Defendant or Defendants' act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the Defendant or Defendants' act.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Michael Allen claims the following items of damages:

•   Physical harm to Michael Allen during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that Michael Allen is reasonably certain to experience in the future.  In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

•   Emotional and mental harm to Michael Allen during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that Michael Allen is reasonably certain to experience in the future.

In assessing damages, you must not consider attorney fees or the costs of litigating this case.  Attorney fees and costs, if relevant at all, are for the court and not the jury to determine.  Therefore, attorney fees and costs should play no part in your calculation of any damages.

**Punitive Damages**

In addition to compensatory or nominal damages, you may consider awarding Michael Allen punitive damages.  A jury may award punitive damages to punish a single defendant or all of the defendants, or to deter the defendants and others like the defendants from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

You may only award punitive damages if you find that a Defendant or Defendants acted maliciously or wantonly in violating Michael Allen's federally protected rights.  In this case there are multiple defendants.  You must make a separate determination whether each defendant acted maliciously or wantonly.

- For purposes of considering punitive damages, a violation is malicious if it was prompted by ill will or spite towards the plaintiff.  A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

- A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that that any Defendant or all of the Defendants acted maliciously or wantonly in violating Michael Allen's federal rights, then you may award punitive damages against that Defendant or Defendants. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.  I will now discuss some considerations that should guide your exercise of this discretion.  But remember that you cannot award punitive damages unless you have found that the Defendant or Defendants acted maliciously or wantonly in violating Michael Allen's federal rights.

If you have found that a Defendant or Defendants acted maliciously or wantonly in violating Michael Allen's federal rights, then you should consider the purposes of punitive damages.  The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both.  Thus, you may consider whether to award punitive damages to punish that Defendant or Defendants.  You should also consider whether actual damages standing alone are sufficient to deter or prevent the Defendant or Defendants from again performing any wrongful acts he may have performed. Finally, you should consider whether an award of punitive damages in this case is

likely to deter other persons from performing wrongful acts similar to those the Defendant or Defendants may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which the Defendant or Defendants should be punished for his or their wrongful conduct toward Michael Allen, and the degree to which an award of one sum or another will deter Defendant or Defendants or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action. For example, you are entitled to consider whether a defendant's act was violent or non-violent; whether the defendant's act posed a risk to health or safety; and whether the defendant acted in a deliberately deceptive manner. You should also consider the amount of harm actually caused by the defendant's act, and the harm that could result if such acts are not deterred in the future.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against the

Defendant or Defendants, you may consider the financial resources of Defendant or Defendants in fixing the amount of such damages.

**Deliberations**

When you retire to the jury room to deliberate, you may take with you these instructions, your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself,

but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to Ms. Orendi, to me, or to anyone but each other about the case.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties

have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to Ms. Orendi.  She will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages.  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number is voting one way or another.   Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

A verdict form has been prepared for you.  It has a series of questions for you to answer.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the verdict form is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.