IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

MICHAEL SHERMAN ALLEN,

    Plaintiff,

    v.

SECRETARY JOHN WETZEL,
REGIONAL SECRETARY TREVOR
WINGARD, SUPERINTENDENT ERIC
ARMEL, CO ROBERT HOLLOWOOD,
CO PAUL GAFFEY, SGT. CHRISTOPHER
SHELDON, LIEUT. POSKA, LIEUT.
DAILEY, LIEUT. RUSNAK, KERRI CROSS,
CO JUAN MACIAS, CO MERRILL,
CO WHEELER, CO DORAN, CO HOLT,
CO EICHER, CO RUBISH, CO HIRAK,
CO CUMMINGS, and JOHN and
JANE DOES,

    Defendants.
_____

Civil Action No.
2:19-cv-01258-RJC

*Electronically Filed*

Hon. Robert J. Colville

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
AND COSTS PURSUANT TO 42 U.S.C. § 1988 and §1997**

Plaintiff moves under 42 U.S.C. §1988 and §1997, and Fed.R.Civ. P. 54(d) for an award of fees and expenses for work performed by his attorney in this action. Plaintiff, Michael Sherman Allen, by and through his attorney avers as follows:

1. Plaintiff filed a civil rights lawsuit pursuant to 42 U.S.C.§1983 alleging a violation of his right under the Eighth Amendment for excessive force, Fourteenth Amendment equal protection, and state law claims of battery and intentional infliction of emotional distress. [Exhibit A, Docket Entries].

2. The Plaintiff's claims were tried by a jury. [Exhibit A, Docket Entries].

3. After a three-day trial, the jury returned a verdict in favor of the Plaintiff against defendant Hollowood for the state law claims of battery and intentional infliction of emotional distress. Judgment was entered on November 2, 2023. [Exhibit B, Judgment].

4. The jury's finding of liability against defendant Hollowood and the imposition of $500,000 in damages renders Plaintiff a "prevailing party" within the meaning of 42 U.S.C. § 1988. Simply put, the excessive force and battery claims are interrelated in terms of the facts and law; in addition, the relief sought by way of the excessive force claim has been realized in Plaintiff's successful claim of battery. *See Doe v. Ward*, 282 F. Supp.2d 323 (W.D Pa. 2003).

7. Because this is a prison litigation case, the ordinary lodestar calculation and community market rates are inapplicable. Rather, the proper calculation in this case is governed by the Prison Litigation Reform Act

(PLRA), 42 U.S.C. §1997, which caps the amount of attorney's fees to which an attorney is entitled when representing a prisoner in a federal action. *See Parker v. Conway*, 581 F.3d 679, 683 (3d Cir. 1999).

8. The PLRA provides that "[n]o award of attorney's fees . . . shall be based on an hourly rate greater than 150% of the hourly rate established under §3006A of Title 18 for payment of court appointed counsel." 42 U.S.C. §1997e(d)(3). This comports with the "hourly rate for court-appointed counsel under the Criminal Justice Act (CJA) in the applicable district." *Collins v. Montgomery Bd. of Prison Inspectors*, 176 F.3d 679, 683 (3d Cir. 1999).

9. Attorney Chavez-Freed has attached an affidavit attesting to the fact that she been practicing, almost exclusively, constitutional law, specifically as a civil rights attorney in the area of prisoner rights and police misconduct. Exhibit C, Chavez-Freed Affidavit.

10. In the instant case, Attorney Chavez-Freed expended 332.4 hours up until the final judgment rendered by the jury and an additional hours after the jury verdict.

11. The CJA rates in this district from 2020 through 2023 are, as follows:

for 2020 -- $152.00; for 2021 -- $155.00; for 2022 -- $158.00; and for 2023 -- $164.00. See https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-230-compensation-and-expenses#a230_16

12. Accordingly, for 55.8 hours in 2020 at the CJA hourly rate of $152.00 (x 150% = $228.00), thus, Plaintiff's Counsel is entitled to $ 12,722.40. [Exhibit D]

13. For 114.3 hours in 2021 at the CJA hourly rate of $155.00 (x 150% = $232.50), Plaintiff's Counsel is entitled to $ 26, 574.75 . [Exhibit D]

14. For 51.4 hours in 2022 at the CJA hourly rate of $158.00 (x 150%= $237.00, Plaintiff's Counsel is entitled to $ 12,181.80 . [Exhibit D.]

15. For 110.9 hours in 2023 at the CJA hourly rate of $164.00 (x 150%= $246.00, Plaintiff's Counsel is entitle to $ 27,281.40. [Exhibit D].

16. For paralegal's 56.3hours at $90 per hour, Plaintiff's Counsel is entitled to $5,067.00. [Exhibit E].

17. Plaintiff requests $ 16,818.83 as reimbursement for costs incurred during the course of this litigation. And additional amount exceeding $13,000.00 was provided by Michael Allen's lawyer during the course of this litigation to have him mentally evaluated for a proper diagnosis, that cost is separate from this litigation and will not be requested. [Exhibit F].

Plaintiff requests that Attorney Chavez-Freed be compensated at the applicable PLRA hourly rate for the work performed on the case prior to judgment and for the work connected with this fee application.

Plaintiff requests the Court to enter an Order awarding fees and costs in the amounts claimed above.

Dated: November 16, 2023								Respectfully submitted,

  /s/ Leticia C. Chavez-Freed
Leticia C. Chavez-Freed, Esq.
PA Bar ID 323615
The Chavez-Freed Law Office
2600 N. 3rd Street, 2nd Floor
Harrisburg, PA. 17110
(717) 893-5698
leticia@chavez-freedlaw.com

*Counsel for Plaintiff*